# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANDRIS JANIS JOHANSONS,

    *Plaintiff*,       CASE NO. 13-CV-11649

v.       DISTRICT JUDGE NANCY G. EDMUNDS
    MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

## I.   RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, that Defendant's Motion for Summary Judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.   REPORT

### A.   Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the

---

[1]The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Commissioner's decision denying Plaintiff's claim for a period of disability and for Disability Insurance Benefits ("DIB").[2] This matter is currently before the Court on cross-motions for summary judgment. (Docs. 8, 12.)

Plaintiff Andris Johansons was 56 years of age at the time of the most recent administrative hearing. (Transcript, Doc. 6 at 32.) Plaintiff's employment includes work as a laborer on an assembly line and as a millwright for the last 15 of the 36 years he worked for an automotive company. (Tr. at 33, 96.) Plaintiff filed the instant claim on October 12, 2010, alleging that he became unable to work on June 29, 2009. (Tr. at 81.) The claims were denied at the initial administrative stage. (Tr. at 52.) In denying Plaintiff's claims, the Commissioner considered other and unspecified arthropathies and dislocation – all types, as possible bases for disability. (*Id.*) On August 17, 2011, Plaintiff appeared before Administrative Law Judge ("ALJ") John Dodson, who considered the application for benefits *de novo*. (Tr. at 17-28, 29-43.) In a decision dated September 9, 2011, the ALJ found that Plaintiff was not disabled. (Tr. at 26.) Plaintiff requested a review of this decision on September 26, 2011. (Tr. at 16.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on February 12, 2013, when the Appeals Council denied Plaintiff's request for review. (Tr. at 1-6.) On April 12, 2013, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision.

**B.     Standard of Review**

In enacting the social security system, Congress created a two-tiered structure in which the administrative agency handles claims and the judiciary merely reviews the determination for

---

[2] I note that Plaintiff's application is labeled one for Supplemental Security Income ("SSI") benefits, but the parties and the ALJ consistently treated the application as one for DIB benefits.

2

exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during the administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

"It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence")); *Jones v.*

3

*Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability"). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers,* 486 F.3d at 247 (quoting SSR 96-7p, 1996 WL 374186, at *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, a court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). *See also Mullen*, 800 F.2d at 545. The scope of a court's review is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. *See also Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the

4

reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party"); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 F. App'x 521, 526 (6th Cir. 2006).

### C.     Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). *Accord Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits ("DIB") program of Title II, 42 U.S.C. § 401 *et seq.*, and the Supplemental Security Income ("SSI") program of Title XVI, 42 U.S.C. § 1381 *et seq*. Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:   If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin,* 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work[.]" *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

### D.     ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff met the insured status requirements through December 31, 2014,

6

and that Plaintiff had not engaged in substantial gainful activity since June 29, 2009, the alleged onset date. (Tr. at 22.) At step two, the ALJ found that Plaintiff's tendonitis in his right upper extremity and right lower extremity were "severe" within the meaning of the second sequential step. (*Id*.) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 22-23.) At step four, the ALJ found that Plaintiff could not perform any past relevant work. (Tr. at 25.) The ALJ also found that Plaintiff was 54 years old on the alleged onset date and thus met the classification of an individual approaching advanced age. (*Id.*) At step five, the ALJ found that Plaintiff could perform a limited range of medium work. (Tr. at 23-25.) Therefore, the ALJ found that Plaintiff was not disabled. (Tr. at 26.)

  **E.**  **Administrative Record**

A review of the relevant medical evidence contained in the administrative record indicates that Plaintiff was examined by M.S. Rosenberg, D.O., on May 27, 2010. (Tr. at 149-50.) Dr. Rosenberg found that Plaintiff's range of motion in his hips, knees, ankles and feet was all normal. (Tr. at 149.) In addition, x-rays of Plaintiff's right hand and right tibia/fibula were normal. (Tr. at 150.) Dr. Rosenberg diagnosed chronic tendonitis in Plaintiff's right had and right lower extremity and concluded that he "would not recommend returning to like or similar working conditions as it might lead to more aggressive medical care and treatment on a long term basis for these traumatic injuries and their sequelae." (*Id.*)

On January 20, 2011, Plaintiff was examined, at the request of Disability Determination Services ("DDS"), by Asit K. Ray, M.D. (Tr. at 140-47.) Dr. Ray found that Plaintiff ambulated normally, was able to squat fully with deep knee bending and stood up independently, that his

7

cervical spine range of motion was normal with no pain, that his internal and external shoulder rotations were normal, that his elbow and wrists were normal, that his grip strength was 50 pounds in the right hand and 40 pounds in the left hand, that his lumbar spine was normal, and that his hips, knees and ankles were normal. (Tr. at 141-42.) Dr. Ray concluded that Plaintiff had "[p]ossible tendonitis of the hands without any clinical findings." (Tr. at 142.) Dr. Ray also indicated that Plaintiff "would be able to perform his usual and customary activities including his occupational duties without any restrictions." (*Id.*)

In his Function Report, Plaintiff indicated that he is able to care for his teenaged daughter and his own personal needs, helps with cooking, gets outside on a daily basis, walks, drives a car, rides in a car, shops in stores, handles finances, watches sports activities, socializes with others, and that he can walk one mile at a time without stopping to rest. (Tr. at 113-17.)

At the administrative hearing, Plaintiff testified that he works part-time, i.e. 20 to 24 hours per week, at a recreational facility where he keeps the exercise equipment and areas clean. (Tr. at 36.) Plaintiff indicated that he is allowed to rest by leaning or sitting approximately every 20 minutes, or less if it is busy. (*Id.*)

At the administrative hearing, the ALJ asked the vocational expert ("VE") to consider a person with Plaintiff's background who

> would be capable of medium work but there could be no ropes, ladders or scaffolds, only occasional remaining posturals; and there would be no repetitive use of the right upper extremity for twisting, and no use of the lower left extremity for the use of foot controls.

(Tr. at 40.) The VE responded that such a person could not perform Plaintiff's past relevant work but could perform the 12,000 packer jobs, 8,000 dining room attendant jobs, and 20,000 press operator medium unskilled jobs available in Southeast Michigan. (Tr. at 40-41.) If a sit/stand option were required, the VE testified that light work would be available but medium work would

8

be precluded. (Tr. at 41.) The ALJ asked whether the VE's testimony was consistent with the Dictionary of Occupational Titles ("DOT") and the VE responded that it was, but that the DOT does not address sit/stand options. (Tr. at 42.)

### F.     Analysis and Conclusions

#### 1.     Legal Standards

The ALJ determined that during the time Plaintiff qualified for benefits, he possessed the residual functional capacity to perform a limited range of medium work. (Tr. at 22-25.) "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. 404.1567(c).

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether substantial evidence supports the ALJ's decision.

#### 2.     Substantial Evidence

Plaintiff contends that the ALJ's decision is not supported by substantial evidence. (Doc. 8.) As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if this Court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan,* 474 F.3d at 833; *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

Specifically, Plaintiff argues that the ALJ erroneously found that Plaintiff could perform medium work where he found Plaintiff's impairments caused more than a minimal impact on his

abilities and that the ALJ committed an error of law by failing to address the weight the ALJ gave to Dr. Rosenberg's opinion. (Doc. 8 at 10-16.)

First, I note that Dr. Rosenberg was an examining physician, not a treating physician. Therefore, the ALJ was under no obligation to give controlling weight to his opinion, nor was he required to explain his reasons for discounting his opinion. *Cole v. Comm'r of Soc. Sec.,* 652 F.3d 653, 660 (6th Cir. 2011) (quoting *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009)); *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). Even if Dr. Rosenberg had been a treating source, I suggest that the ALJ's findings are not inconsistent with Dr. Rosenberg's opinion. Dr. Rosenberg found that Plaintiff's range of motion of his hips, knees, ankles, and feet were all normal and that x-rays of Plaintiff's right hand and right tibia/fibula were normal. (Tr. at 149-50.) After diagnosing chronic tendonitis in Plaintiff's right had and right lower extremity, Dr. Rosenberg stated that he "would not recommend returning to like or similar working conditions[.]" (Tr. at 150.) The ALJ also concluded that Plaintiff could not return to his past work. (Tr. at 25.)

I further suggest that there is simply no evidence of disabling impairments that could support a finding to the contrary. There is no medical evidence of any physical impairment short of tendonitis of the right extremities. Plaintiff's treatment has consisted of over-the-counter medications such as Motrin and Extra Strength Tylenol. (Tr. at 38-39.) Such modest treatment is inconsistent with a finding of disability. *See Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1001 (6th Cir. 2011); *Myatt v. Comm'r of Soc. Sec.*, 251 F. App'x 332, 334-35 (6th Cir. 2007).

I further suggest that the hypothetical posed to the VE was in harmony with the objective record medical evidence and Plaintiff's own statements that he is he is able to care for his teenaged daughter, is able to care for his own personal care needs, helps with cooking, gets outside on a

daily basis, walks, drives a car, rides in a car, shops in stores, handles finances, watches sports activities, socializes with others, and that he can walk without stopping to rest for one mile at a time. (Tr. at 113-17.) *See Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

### 3.     Conclusion

For all these reasons, after review of the record, I suggest that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

## III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with

the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/ Charles E Binder
                                                CHARLES E. BINDER
Dated: April 3, 2014                               United States Magistrate Judge

**CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date: April 3, 2014                         By     s/Patricia T. Morris
                                                          Law Clerk to Magistrate Judge Binder